United States District Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **Amos Joseph Wells, III,**<br>    petitioner<br><br>v.<br><br>**Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division,**<br>    respondent | No. 4:21-CV-1384-O |

### Motion to Withdraw

**To the Honorable Reed O'Connor:**

Defense counsel Georgette Oden and Leigh W. Davis move this Court to allow them to withdraw from this representation for three reasons. First, Wells has secured new counsel of his choice. Second, these new counsel appear to be well-qualified. Third, Wells does not want Oden and Davis as his counsel.

First, Wells has secured new counsel of his choice. Mr. Kutcher notified Davis by telephone that Wells had retained them on July 26th. New counsel, including local counsel, have entered an appearance in this case and sought to appear *pro hac vice*. The Sixth Amendment right to counsel of the defendant's choosing extends to death penalty cases. *See Newton v. Dretke*, 371 F.3d 250, 255 (5th Cir. 2004) (citing *United States v. Hughey*, 147 F.3d 423, 429 (5th Cir. 1998)). While the right is not absolute, "what is required is that the defendant be given a fair or reasonable opportunity to obtain particular counsel." *Id.* (citing *United States v. Paternostro*, 966 F.2d 907, 912

(5th Cir. 1992)). Restrictions on the right to counsel of choice typically manifest as denials of continuances when new counsel enters the case very late and needs additional time to prepare. *See Ungar v. Sarafite*, 376 U.S. 575, 590–91, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). Here, that's not a concern. AEDPA sets a firm 1-year deadline for the filing of a section 2254 motion. That date is readily ascertainable and not generally extendable. Thus, a continuance (or more correctly, the equitable tolling of the statute of limitations) shouldn't be an issue here. Wells has secured counsel of his choice and those counsel have appeared or sought to appear. Wells should be allowed to have them.

Second, these new counsel appear to be well-qualified. Davis has known Bill Harris for about 20 years. More to the relevant point, Davis knows him to be a highly experienced death penalty practitioner. He has experience handling federal death penalty litigation. *See Moore v. Quarterman*, 517 F.3d 781 (5th Cir. 2008), *Robison v. Johnson*, 151 F.3d 256 (5th Cir. 1998), and *Newbury v. Stephens*, 756 F.3d 850 (5th Cir. 2014). Matthew Kutcher appears to be well-credentialed and experienced. *See* https://www.cooley.com/people/matthew-kutcher (firm biography) (last visited August 3, 2022). According to his LinkedIn biography, Mr. Kutcher has done time at Cravath, Swaine, and Moore; Latham & Watkins; and the Chicago U.S. Attorney's office. *See* https://www.linkedin.com/in/matthew-kutcher-a772389/ (last visited August 3, 2022). Ms. Beckley also appears to be well-credentialed and experienced. *See* https://www.cooley.com/people/shamis-beckley (firm biography) (last visited August 3, 2022).

Third, Wells does not want Oden and Davis as his counsel. Wells has never wanted Oden and Davis. He first wanted Gwendolyn C. Payton and Adam H. Charnes who were initially proposed by the Office of Capital and Forensic Writs and later by Wells himself. Wells even sought to terminate Oden and Davis before secure new counsel. Now, he has secured the representation of Mr. Kutcher and others. More importantly, he's declined to cooperate with Oden and Davis. An example of this is the release Davis asked Wells to sign. Trial counsel indicated that they required a release from Wells to speak with writ counsel. Davis provided a release to Wells three times. Though prior counsels' files show that Wells signed numerous releases for his previous attorneys, Wells never signed and returned the release to Davis. However, Wells retyped the release form provided by Davis, changed the names where appropriate, signed it, and sent it to Mr. Kutcher. Obviously, Oden and Davis will represent Wells to the best of their abilities, but that is made more complicated by Wells's lack of cooperation. And this is but one example.

In sum, Wells has the right to counsel of his choice, those counsel have appeared or are seeking to appear for him, they are experienced and qualified, and Wells clearly does not want his current counsel. Therefore, Oden and Davis move this Court to allow them to withdraw.

Respectfully submitted,

s/ Georgette Oden

Attorney for Petitioner
Texas Bar No. 24029752

G Oden PLLC
402 North Mount Rushmore Dr.
Ste. 200
Cedar Park, TX 78613
Phone (512) 791-3467


/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis
1901 Central Dr.
Suite 708 LB 57
Bedford, TX 76021
Tel: 817.868.9500
Fax: 817.591.4701
Texas Bar No. 24029505
lwd@leighwdavis.com


### Certificate of Service

The Court's ECF system has served this filing on all attorneys of record. A paper copy has been mailed by first class and certified mail to Amos Wells.

/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis