IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Amos Joseph Wells, III, § | |
| **Petitioner** § | |
| § | |
| v. § | Case Number 4:21-CV-1384-0 |
| § | |
| Bobby Lumpkin, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| **Respondent** | |

## PETITIONER'S MOTION TO SUBSTITUTE COUNSEL

Petitioner Amos Wells submits this Motion to Substitute Counsel pursuant to the Court's August 9, 2022 Order (ECF No. 26). Communication and trust between Mr. Wells and his appointed counsel has broken down. As a result, Mr. Wells has, as expeditiously as possible, retained experienced new counsel to handle his habeas corpus petition *pro bono*. Mr. Wells seeks no extension of time to file the petition. Respondent has indicated to undersigned counsel that it takes no position on this motion if Mr. Wells' proposed new counsel "is qualified under [18 U.S.C. §] 3599(c) and the motion to [substitute counsel] contains assurances that no delays or extensions will be sought on the basis of the substitution."

### BACKGROUND

On November 3, 2016, a jury convicted Mr. Wells of capital murder. On December 15, 2021, the Texas Court of Criminal Appeals denied Mr. Wells' application for state habeas corpus relief. *Ex parte Wells*, WR-86-184-01, 2021 WL 5917724 (Tex. Crim. App. Dec. 15, 2021). On December 29, 2021, the Federal Public Defender's office filed a motion recommending and requesting the appointment of Gwendolyn Payton and Adam Charnes of the Kilpatrick Stockton

1

law firm to represent Mr. Wells in his federal habeas corpus proceedings. (ECF No. 1.) The Federal Public Defender's office was unable to represent Mr. Wells because the office was "at its case capacity." (*Id.* at ¶ 9.) The Court denied the appointment of Ms. Payton and Mr. Charnes. (ECF No. 4.) Instead, the Court appointed Georgette Oden and Leigh Davis ("Appointed Counsel"). (*Id.*) Appointed Counsel entered notices of appearance in early February 2022. (ECF Nos. 10, 11.)

Three months later, Mr. Wells filed a *pro se* notice to the Court entitled "Issues Surrounding Appointed Counsel." (ECF No. 17.) Mr. Wells informed the Court that Appointed Counsel had "made no attempt to communicate with [him] in person," and expressed concern about his Appointed Counsel's prior statements supporting capital punishment. (*Id.* at 1-2.) Mr. Wells was concerned that Appointed Counsel's viewpoints could "severely handicap[] [his] Federal Habeas proceedings." (*Id.* at 2.) Because Mr. Wells had filed these papers *pro se*, the Court struck the filings. (ECF No. 18 at 1.) The Court noted that Appointed Counsel "would be well advised to make arrangements for a personal meeting with Wells at their earliest convenience." (*Id.* at 3.) In response, Ms. Oden and Mr. Davis filed an under-seal submission with the Court. (ECF No. 19-1 at 1-2.) The contents of this under-seal submission from his own attorneys made Mr. Wells even more concerned that Appointed Counsel could not provide him effective representation.[1]

Mr. Wells, on his own initiative, sought assistance to identify new counsel willing to devote appropriate resources to his petition. Mr. Wells was ultimately connected with William Harris and Cooley LLP. Mr. Wells has now chosen to engage these new counsel to represent him in this

---

[1] Because this filing in under seal, Mr. Wells cannot describe the particular contents that concerned him. If necessary and appropriate, Mr. Wells can file an under-seal submission detailing the portions of the sealed filing that caused him additional concern.

matter. Mr. Harris filed his notice of appearance and the attorneys from Cooley filed motions to appear *pro hac vice* on August 1, 2022, within a week of being engaged. (ECF No. 20-22.) Appointed Counsel filed their motion to withdraw as Mr. Wells' counsel on August 4, 2022. (ECF No. 23.) The Director filed a response to the withdrawal motion on August 5, 2022, asserting in part that the Court should only allow withdrawal of Appointed Counsel if "Wells is not permitted to delay this case or the filing of his petition." (ECF No. 25.) On August 9, 2022, the Court issued an order granting the Cooley attorneys' Motions for Leave to appear *Pro Hac Vice*, denying Appointed Counsels' motion for withdrawal, and recommending that new counsel file a motion to substitute counsel. (ECF No. 26.)

**ARGUMENT**

"[T]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *United States v. Sanchez Guerrero*, 546 F.3d 328, 332 (5th Cir. 2008) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) and *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624–25 (1989)). Further, there "is a presumption in favor of a defendant's counsel of choice," which should only "be overcome by an actual conflict of interest, or by a showing of a serious potential for conflict." *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007).

Under federal law, the Court can replace appointed counsel with "similarly qualified counsel," 18 U.S.C. § 3599(e), and the Court can, for good cause, "appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant," 18 U.S.C. § 3599(d). Consistent with this, the CJA Plan for the Northern District of Texas provides that a "presiding judge may appoint an attorney [from] . . . other private, non-profit organization to represent a person . . . seeking federal death penalty habeas corpus relief

provided that the attorney is fully qualified." CJA Plan at 20 (*available at* https://www.txnd.uscourts.gov/sites/default/files/orders/misc/MiscOrder3Criminal.pdf).[2] In interpreting 18 U.S.C. § 3599(e), the Supreme Court has explained that "a motion for substitution should be granted when it is in the 'interests of justice.'" *Christeson v. Roper*, 574 U.S. 373, 377 (2015) (quotation omitted). Making this determination is a "particularly context-specific inquiry." *See Martel v. Clair*, 565 U.S. 648, 660–61 (2012). Relevant factors may include: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Mendoza v. Stephens*, 783 F.3d 203, 208 (5th Cir. 2015) (citing *Martel*). Mr. Wells meets this standard.

First, Mr. Wells' reasons for securing new counsel are sufficient. As described above, Appointed Counsel did not communicate frequently, and never in person, with Mr. Wells for several months. After Mr. Wells attempted to alert the Court about the breakdown in communication, Appointed Counsel made an under-seal filing that further troubled Mr. Wells. At a minimum, the attorney-client relationship between Mr. Wells and his Appointed Counsel is broken to an extent that is sufficient to justify the appointment of new counsel.

In *Martel v. Clair*, the Supreme Court recognized that a breakdown in the attorney-client relationship may be sufficient justification for substituting counsel. *Martel*, 565 U.S. 660–61. There, the Supreme Court expressly rejected the State's argument that a qualified attorney could continue to represent the petitioner, "even if the attorney-client relationship has broken down,"

---

[2] The CJA Plan also provides that the court may consider out-of-district counsel who "possess the requisite expertise" for federal habeas cases "to achieve cost and other efficiencies together with high quality representation." CJA Plan at 25.

4

because such an approach "undermines Congress's efforts in § 3599 to enhance representation in capital cases." *Id.* Here, the breakdown and lack of trust and confidence are so severe that substitution is warranted.

Second, Mr. Wells acted expeditiously, on his own initiative, to locate and secure new counsel as soon as he felt that communication and trust had broken down with his Appointed Counsel. New counsel was engaged at the end of July, five months before the deadline for Mr. Well's petition. Mr. Wells has acted as diligently and quicky as he possibly could from inside his prison cell. *See, e.g.*, *Christeson*, 574 U.S. at 380 ("Christeson's first substitution motion, while undoubtedly delayed, was not abusive" because it was "filed approximately a month after outside counsel became aware of Christeson's plight."). Timeliness is not dispositive, but here it weighs in favor of substitution. *See, e.g.*, *Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016) (reversing district court and finding substitution to be in interest of justice, despite motion being filed mere days before the scheduled execution).

Third, Mr. Wells' proposed new counsel are highly qualified to represent him in this capital habeas appeal, and their representation presents no conflicts. William Harris is a respected member of the Texas bar, and has decades of experience practicing in the Northern District of Texas and the Fifth Circuit, qualifying him under 18 U.S.C. § 3599(c). He earned his law degree from the University of Texas in 1976 and has been a member of the Texas Bar and admitted in this Court and in the Fifth Circuit since then. Mr. Harris served as an Assistant District Attorney for five years at the beginning of his career, and he has practiced criminal defense for over thirty years. He is a past president of the Tarrant County Criminal Defense Lawyers and Texas Criminal Defense Lawyers Associations. Mr. Harris has been certified as a criminal law specialist by the Texas Board of Legal Specialization since 1988. He has handled federal habeas petitions in *Fabian Hernandez v. Lorie Davis*, 750 F. App'x 378 (5th Cir. 2018); *Newbury v. Stephens*, 756 F.3d 850

5

(5th Cir. 2014); *Moore v. Quarterman*, 517 F.3d 781 (5th Cir. 2008); *Hankins v. Quarterman*, 288 F. App'x 952 (5th Cir. 2008); *Perkins v. Quarterman*, 254 F. App'x 366 (5th Cir. 2007); *Jones v. Johnson*, No. 99-10169, 2000 WL 423438 (5th Cir. Apr. 7, 2000); *Soria v. Johnson*, 207 F.3d 232 (5th Cir. 2000); and *Robison v. Johnson*, 151 F.3d 256 (5th Cir. 1998). Mr. Harris is more than qualified to represent Mr. Wells in this petition.

In addition, Mr. Harris will be supported by a team of attorneys at the Cooley law firm. Cooley is a national and international law firm with numerous offices across the United States. Cooley attorneys have handled the capital habeas cases for Lucas Douglas Lucas, whose death sentence was reversed in California in 2004, *In re Lucas*, 94 P.3d 477 (Cal. 2004), Billy Daniel Raulerson, *Raulerson v. Warden*, 928 F.3d 987 (11th Cir. 2019), and *State of Alabama v. Woolf Michael Bragg*, Case No. CC-2008-004437.60 (Al. Cir. Ct. 2022). Cooley also regularly works with the capital habeas groups at the Equal Justice Initiative (*see* https://eji.org/issues/death-penalty) and the ABA Death Penalty Representation Project (*see* https://www.americanbar.org/groups/committees/death_penalty_representation/), who alerted Cooley to Mr. Wells' case.

The Cooley team on this matter will include two partners and at least four other attorneys.[3] Matthew Kutcher, a former federal prosecutor in the Northern District of Illinois, has been a federal

---

[3] In addition, Mr. Harris and the Cooley partners and associates serving as counsel to Mr. Wells will regularly consult with other Cooley partners who have significant experience with capital habeas appeals. Specifically, Kathleen Hartnett, who served as habeas counsel in the Raulerson case, as counsel to the Federal Capital Habeas Project in challenging the Department of Justice's "Manner of Execution" rule issued in November 2020, and has filed amici curae briefs in *Baze v. Rees*, 553 U.S. 35 (2007), which challenged Kentucky's use of lethal injection, and *Walker v. True*, 399 F.3d 315 (4th Cir. 2005), a Virginia capital habeas petition. Similarly, Daniel Grooms and John Hemann currently represent an Alabama defendant in a collateral challenge to his capital conviction and sentence. In addition, prior to joining Cooley, Mr. Grooms was an Associate Deputy Attorney General at the U.S. Department of Justice and served on the Attorney General's Review Committee on Capital Cases where he evaluated and provided recommendations to the Attorney General and Deputy Attorney General for every federal, capital-eligible prosecution brought by the Department's 93 U.S. Attorney's offices nationwide.

6

litigator for over 22 years and has handled multiple criminal and civil cases in jurisdictions throughout the United States. Shamis Beckley has handled complex litigation in federal courts at both the trial and appellate level for the last 10 years. Mr. Harris, Mr. Kutcher, and Ms. Beckley will be assisted by Cooley litigation attorneys Elizabeth Wright, Alessandra Rafalson, Alexandra Cubaleski and Hanna Evensen, along with paralegal Elizabeth Rice. These new counsel will be able to leverage the resources of Cooley to work through the large case file and ultimately prepare Mr. Wells' petition in a timely manner.

## CONCLUSION

For the foregoing reasons, Mr. Wells respectfully requests that the Court grant the Motion to Substitute Counsel.

Respectfully submitted,

*/s/ Matthew Kutcher*
Matthew Kutcher
Cooley LLP
110 N. Wacker Drive
Suite 2400
Chicago, IL 60606
mkutcher@cooley.com
312-881-6500

Shamis Beckley
Cooley LLP
500 Boylston Street
Boston, MA 02116
sbeckley@cooley.com
617-937-2300

William S. Harris
Texas Bar Number 09096700
307 West 7th Street, Suite 1905
Fort Worth, Texas 76102
wmsharris.law@gmail.com
817-332-5575

*Attorneys for Petitioner Amos J. Wells III*

## CERTIFICATE OF CONFERENCE

On August 16, 2022, counsel for Amos Wells contacted counsel for the Director, Stephen Hoffmann, regarding this Motion to Substitute Counsel. Mr. Hoffmann responded on August 16, 2022 that if one of the attorneys on the team to be substituted is qualified under 18 U.S.C. § 3599(c), and the motion contains assurances that no delays or extensions will be sought on the basis of the substitution, then the State will not a take a position opposing the motion.

/s Matthew Kutcher

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2022, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case-filing system sent a Notice of Electronic Filing to the attorneys of record who consented in writing to accept this Notice as service of this document by electronic means.

/s Matthew Kutcher