UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMOS J. WELLS III,  § | |
| § | |
| Petitioner,  § | |
| § | |
| v.  § | |
| § | Civil Action No. 4:21-CV-01384-O |
| BOBBY LUMPKIN, Director, Texas  § | |
| Department of Criminal Justice,  § | (Capital Case) |
| Correctional Institutions Division,  § | |
| § | |
| Respondent.  § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Petitioner Amos J. Wells III's Motion to Alter or Amend Judgment and Memorandum of Law in Support of the Motion (ECF Nos. 89, 90), filed November 30, 2023; Respondent Bobby Lumpkin's Response in Opposition to the Motion (ECF No. 91), filed December 21, 2023; and Petitioner Amos J. Wells III's Reply in Support of the Motion (ECF No. 92), filed January 4, 2024. For the reasons set forth herein, the Court **DENIES** the Motion to Alter or Amend Judgment.

### I. BACKGROUND

Amos J. Wells III ("Petitioner") petitioned the Court for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from his November 2016 conviction for capital murder and sentence to capital punishment in Tarrant County. The Texas Court of Criminal Appeals opinion affirming Petitioner's conviction and sentence on direct appeal contains a detailed exposition of the facts of the capital murder offense and the evidence of such presented at Petitioner's capital murder trial. *See Wells v. State*, 611 S.W.3d 396 (Tex. Crim. App. 2020). For purposes of this Order, it suffices to recount that on July 1, 2013, Petitioner fatally shot his eight-month-pregnant girlfriend Chanice Reed and her viable baby, her mother Annette Reed, and her ten-year-old little brother E.M. There are no genuine disputes as to these facts.

On November 2, 2023, the Court issued an Opinion and Order denying Petitioner's Amended Petition for Writ of Habeas Corpus and Motion to Stay Proceedings. Mem. Op. & Order, ECF No. 87. A certificate of appealability was also denied for each of the underlying claims and requests for relief sought by Petitioner. *Id.* Pursuant to this November 2, 2023 Opinion and Order, the Court entered Final Judgment dismissing the action with prejudice that same day. Final J., ECF No. 88. Petitioner now moves the Court under Federal Rule of Civil Procedure 59(e) to alter or amend its Final Judgment. *See* FED. R. CIV. P. 59(e). In support of this instant Motion, Petitioner contends that the Court committed manifest errors of law and fact in the resolution of Petitioner's first, second, and seventh claims for federal habeas relief and concomitant requests for certificate of appealability.

## II. LEGAL STANDARD

A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). To that end, it is well-established that Rule 59(e) reserves the alteration or amendment of a federal court's judgment *only* for the narrow purposes of either: (1) accommodating an intervening change in controlling law; (2) accounting for newly discovered evidence; or (3) correcting a manifest error of law or fact. *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). Inversely, Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

Absent a showing of any manifest error of law or fact, newly discovered yet previously unavailable evidence, or intervening change in controlling law, Rule 59(e) will not avail a movant

2

of any post-judgment relief. *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021); *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). To establish manifest error, a movant must demonstrate that the federal court committed an error that "is plain and indisputable" and "amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (cleaned up). Overall, the standards governing Rule 59(e) determinations "favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Boudreaux*, 2 F.3d 606, 611 (5th Cir. 1993).

### III. ANALYSIS

Upon review of the parties' briefing, evidence, and applicable law, the Court finds that Rule 59(e) does not entitle Petitioner to alteration or amendment of the Final Judgment or Certificate of Appealability ("COA") on any underlying claim or request for relief sought in this federal habeas corpus action.

Specifically, Petitioner fails to make out a single manifest error in the denial of collateral attacks to his conviction and sentence premised upon: (A) unconstitutional exclusion of video mitigation evidence; (B) ineffective assistance of trial counsel ("IATC") for (1) conceding the future dangerousness special issue and presenting evidence of genetic predisposition for violence, (2) failing to challenge a partial venire member and eventual juror, and (3) failing to fully and adequately investigate and present mitigation evidence for capital sentencing; and (C) deprivation of due process of law for presenting evidence of genetic predisposition for violence.

#### A. Petitioner Fails to Establish Manifest Error in the Denial of Claim One

In the first claim put forth in the Amended Petition, Petitioner argued that the state trial court's exclusion of Defendant's Exhibits 81A-84A deprived him of his right to present mitigating

3

evidence in capital sentencing proceedings under the Eighth and Fourteenth Amendments. Reviewing de novo, the Court denied this claim, holding that it lacked any serious merit entitling Petitioner to collateral relief from his conviction and sentence. *See* Mem. Op. & Order 13-17, ECF No. 87. The Court's holding was predicated on findings that the exhibits were properly excluded for hearsay at trial, that the exclusion of the exhibits was harmless, and that this claim was procedurally defaulted in state court on independent and adequate state grounds. *Id.* In the instant Motion, Petitioner now contends that this holding was manifestly erroneous. But this contention falls well short of the persuasive hurdle erected by Rule 59(e).

Rather than attempting to properly allege a manifest error in accordance with the standards governing Rule 59(e) motions, Petitioner merely raises the same theories and arguments for claim one that were previously raised—and briefed at length—in his Reply in Support of the Amended Petition for Writ of Habeas Corpus. *Compare* Pet.'s Mot. 1-7, ECF No. 90 (contending that the videos were admissible despite any hearsay, that the exclusion of the exhibits was not harmless, and that there was no procedural bar to claim one), *with* Pet.'s Reply 1-14, ECF No. 80 (same). While Petitioner's arguments certainly identify his disagreements with the Court's rejection of these prior adjudicated theories, Petitioner's mere disagreements do not identify a single "plain and indisputable" error in the resolution of claim one. *Guy*, 394 F.3d at 325 (cleaned up). Motions to alter or amend a final judgment are "not the proper vehicle for [such] rehashing" of stale legal theory and exhausted argumentation. *Templet*, 367 F.3d at 479. And Rule 59(e) makes no exception for the one brought by Petitioner. On this basis alone then, Petitioner's Motion with respect to his first claim summarily fails.

Having merely rehashed the same "evidence, legal theories, [and] arguments . . . raised before entry of judgment" without presenting "an error that undermined the correctness of [that]

4

judgment," the Court **DENIES** Petitioner's Motion insofar as it requests alteration or amendment of the Final Judgment denial of habeas corpus relief on claim one of the Amended Petition. *Templet*, 367 F.3d at 479; *Jennings*, 11 F.4th at 345.

### B. Petitioner Fails to Establish Manifest Error in the Denial of Claim Two

Petitioner's second claim in the Amended Petition alleged that trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights. Having reviewed the plethora of supporting arguments advanced by Petitioner under a de novo standard, the Court denied this IATC claim in full. *See* Mem. Op. & Order 36-51, 54, ECF No. 87. In the Rule 59(e) Motion before the Court, Petitioner now alleges that the Court manifestly erred in several respects when it denied claim two on the merits. *See* Pet.'s Mot. 7-22, ECF No. 90.

Specifically, Petitioner submits that the Court committed manifest error by misapplying *Strickland* to reject arguments that trial counsel rendered ineffective assistance for: (1) conceding the future dangerousness special issue and presenting expert testimony that Petitioner was genetically predisposed to violence; (2) failing to challenge for cause or peremptorily strike a partial member of the jury venire who later served on the jury; and (3) failing to fully and adequately investigate and present mitigation evidence for capital sentencing. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

However, Petitioner's Motion with respect to this IATC claim fails at the outset for merely rehashing the same evidence, theories, and arguments that he already raised—and the Court already reviewed, adjudicated, and disposed of—prior to entry of judgment. *Compare* Pet.'s Mot. 7-22, ECF No. 90, *with* Pet.'s Reply 14-40, ECF No. 80; *see Templet*, 367 F.3d at 479. On top of that, Petitioner also fails to identify *any* error—never mind manifest error—in the Court's resolution of his second claim for federal habeas relief on any of the grounds asserted. *See*

5

*Jennings*, 11 F.4th at 345.

***Legal Standard.*** To prevail on an IATC claim, Petitioner bears the burden of demonstrating that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

(1) To satisfy the deficiency prong, Petitioner must establish that counsel's representation "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). Counsel's performance is objectively unreasonable when "no competent attorney" would have taken the action that counsel did. *Premo v. Moore*, 562 U.S. 115, 124 (2011). In order to meet his burden, Petitioner must overcome the "strong presumption" of adequate assistance, *i.e.*, that counsel's conduct fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

(2) To satisfy the prejudice prong, Petitioner must establish a "reasonable probability" that, but for the objectively unreasonable conduct of counsel, "'the result of the proceeding would have been different.'" *Wiggins*, 539 U.S. at 534 (quoting *Strickland*, 466 U.S. at 694). A reasonable probability is one that is "'sufficient to undermine confidence in the outcome'" of the proceeding at issue. *Id*. To reemphasize, *Strickland* demands that courts supply a substantial degree of deference to the reasoned professional judgments and decisions of trial counsel. *See id.* at 523; *Strickland*, 466 U.S. at 690.

1. <u>Concession of Future Dangerousness Special Issue and Presentation of Expert Testimony to Petitioner's Genetic Predisposition for Violence</u>

Petitioner first argues that the Court manifestly erred in rejecting Petitioner's allegation that trial counsel rendered ineffective assistance for conceding the future dangerousness special issue. *See* Pet.'s Mot. 7-14, ECF No. 90. Yet Petitioner identifies no "plain and indisputable" error amounting to a "complete disregard of the controlling law" in the Court's rejection of this

6

argument under *Strickland*. *Guy*, 394 F.3d at 325 (cleaned up). In stark contrast, this IATC claim satisfies neither *Strickland* prong under a de novo examination and thus does not warrant federal habeas relief. *See* Mem. Op. & Order 38-40, ECF No. 87.

The Court correctly found that Petitioner's IATC claim fails to the extent it alleged that trial counsel conceded future dangerousness by presenting evidence that Petitioner was genetically predisposed toward violence. The state habeas court found as a matter of fact, and the Court agreed after its own independent review of the entire record of state proceedings, that Petitioner's trial counsel did not concede the future dangerousness special issue in the punishment phase of the capital murder trial. *Id.* at 38.

Petitioner's trial counsel did present double-edged expert testimony suggesting that Petitioner's genetic makeup, combined with his history of an abusive and traumatic childhood, rendered Petitioner more at risk than *other people* to react violently in response to a stressful situation. However, this proposition deriving out of the double-edged testimony was clearly distinct from any suggestion that Petitioner was more likely than *not* to be violent in the future. *See* 43 RR 118 (expert testimony that Petitioner's risk factors for violence did not "mean it's more likely than not that he's going to be violent in the future; it just means he's more at risk than a regular person"). The presentation of that double-edged testimony therefore did not amount to a concession of the future dangerousness special issue. *See* Tex. Code Crim. Proc. art. 37.071 § 2(b)(1) (requiring the capital sentencing jury to determine "whether there is a probability that the defendant would commit acts of violence that would constitute a continuing threat to society").

Petitioner asserts that the Court erroneously deferred to the state court's findings with respect to this IATC claim because the Texas Court of Criminal Appeals denied it without analysis. *See* Pet.'s Mot. 9, ECF No. 90. To start with, Petitioner neglects the reality that the Court of

7

Criminal Appeals had adopted the findings of the state habeas trial court, which included the finding that trial counsel's decision to present the double-edged testimony was reasonable. *See Ex parte Wells*, WR-86,184-01, 2021 WL 5917724, at *2 (Tex. Crim. App. Dec. 15, 2021); 1 Supp.SHCR-01 at 483-84. But even assuming otherwise, the Court still concluded based upon its own de novo review that trial counsel made an objectively reasonable and informed decision—which Petitioner agreed to—to present double-edged evidence regarding his genetic predisposition to violence. *See* Mem. Op. & Order 38-40, ECF No. 87; *see* 4 SHCR-01 at 1573.

Petitioner nonetheless insists that the Court committed a manifest error in its de novo conclusion that trial counsel made an objectively reasonable and informed decision to present the double-edged evidence. *See* Pet.'s Mot. 10, ECF No. 90. But accepting Petitioner's argument would have the Court flout well-entrenched, binding precedent requiring significant judicial deference to the informed strategic decisions of trial counsel. As that precedent makes clear, the Constitution sanctions trial counsel to make "conscious and informed" strategic decisions, *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009) (citation omitted); *see Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009), while such decisions are further characterized as "virtually unchallengeable." *Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017). The Court's supplication of such deference owed to the decision of Petitioner's trial counsel to present the double-edged testimony in the punishment phase of trial comes nowhere close to an error, let alone a manifest one. *See Guy*, 394 F.3d at 325 ("Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." (cleaned up)).

Petitioner further insists that even if trial counsel had not actually conceded future dangerousness, the Court nonetheless erred in rejecting Petitioner's IATC claim insofar as it alleged that trial counsel should not have presented the expert testimony on Petitioner's genetic

8

predisposition to violence. *See* Pet.'s Mot. 11-12, ECF No. 90. However, the Court also correctly rejected Petitioner's IATC claim to that extent. *See* Mem. Op. & Order 38-40, ECF No. 87.

For starters, the Court properly contextualized Petitioner's allegation as merely challenging the strategic decisions of his trial counsel, which Petitioner did not demonstrate to have fallen below the hyper-deferential standard applicable to this IATC claim. *Id.* at 38-39. Furthermore, the precedent relied upon by Petitioner tends toward supporting the decision of trial counsel to introduce the expert testimony on his genetic predisposition to violence. *See id.* at 22-23 (citing *State v. Yepez*, 483 P.3d 576, 584 (N.M. 2021); *People v. Adams*, 336 P.3d 1223, 1241-42 (Cal. 2014)). On the other hand, there is simply no basis to the notion advanced by Petitioner that trial counsel should not have presented the expert testimony because it appealed to racial stereotypes. *See* 1 Supp.SHCR-01 at 481–82 (state court finding that the genetic evidence was "without any indication of the racial stereotypes or eugenics" alleged by Petitioner). Ultimately, the crux of this IATC allegation is that Petitioner merely insists that the Court disagreed with his characterization of the genetic evidence, which is nowhere near the universe of "manifest error." *See Guy*, 394 F.3d at 325 (requiring a "plain and indisputable" error that also "amounts to a complete disregard of the controlling law" (cleaned up)).

Lastly, Petitioner urges that the Court manifestly erred in not finding that he was prejudiced by trial counsel's introduction of the expert testimony on his genetic predisposition to violence. *See* Pet.'s Mot. 12-14, ECF No. 90. But Petitioner identifies no error in the Court's determination that he was not prejudiced in light of the substantial mitigation case presented by trial counsel, as well as the aggravating evidence regarding his long history of domestic violence against women and his jailhouse assault on another inmate. *See* Mem. Op. & Order 39-40, 49, ECF No. 87. Petitioner's assertion that the Court conflated the deficiency and prejudice prongs of *Strickland* is

inapposite to establishing error here, for it is incognizable that Petitioner was prejudiced by actions of his trial counsel that were not deficient in the first place. *Cf. United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006) ("Our clear precedent indicates that ineffective assistance of counsel cannot be created from the accumulation of acceptable decisions and actions.").

The Court reaffirms that this IATC claim satisfies neither prong of *Strickland* when examined under de novo review and does not warrant federal habeas relief. Mem. Op. & Order 40, ECF No. 87.

### 2. Failure to Challenge for Cause or Peremptorily Strike Venire Member

Petitioner next argues that the Court manifestly erred in rejecting Petitioner's allegation that trial counsel rendered ineffective assistance for agreeing to seat a partial juror. *See* Pet.'s Mot. 14-17, ECF No. 90. As an initial matter, this argument is a rehash of Petitioner's pre-judgment briefing and should be denied on that basis alone. *Compare id.*, *with* Pet.'s Reply 32-40, ECF No. 80; *see Templet*, 367 F.3d at 479. *A fortiori*, Petitioner fails to establish a "plain and indisputable" error that "amounts to a complete disregard of the controlling law" in the disposition of this prior adjudicated IATC issue. *Guy*, 394 F.3d at 325 (cleaned up). Under de novo review, this IATC claim fails to satisfy either prong of *Strickland* necessary to warrant federal habeas relief. *See* Mem. Op. & Order 44-46, ECF No. 87.

Petitioner asserts that it was unreasonable for trial counsel to agree to seat juror Hazikimana despite his purported partiality toward imposing the death penalty. *See* Pet.'s Mot. 15-16, ECF No. 90. Petitioner reasons that because Hazikimana was challengeable for cause, any decision on the part of trial counsel to refrain from exercising a peremptory strike against him does not render their agreement to seat him as a juror reasonable. *Id.* However, the Court concluded that Hazikimana was *not* subject to a for-cause challenge. Mem. Op. & Order 45-46, ECF No. 87. That

finding necessarily precludes Petitioner from demonstrating that trial counsel rendered ineffective assistance here. *See Harper v. Lumpkin*, 64 F.4th 684, 692-93 (5th Cir. 2023). Petitioner's mere protestation with the Court's de novo assessment of the record is, again, nowhere near the universe the "manifest error." *See Guy*, 394 F.3d at 325 ("Manifest error is one that is plain and indisputable." (cleaned up)). The Court concludes the same with respect to Petitioner's argument that it erred in declining to address Hazikimana's inadmissible post-conviction affidavit. *See Young v. Davis*, 835 F.3d 520, 529 (5th Cir. 2016).

Petitioner also contends it was erroneous for the Court to rely on *Teague v. Scott* to conclude that he was not prejudiced by trial counsel's agreement to seat Hazikimana. Pet.'s Mot. 17, ECF No. 90 (citing 60 F.3d 1167, 1172 (5th Cir. 1995)). Petitioner's attempt to distinguish *Teague* rests on the premise that Hazikimana had actually been a biased prospective juror. *Id.* But Hazikimana was not a biased juror, nor an objectionable one for that matter. Mem. Op. & Order 44-46, ECF No. 87. Petitioner thus fails to allege that a biased or objectionable juror sat on his jury, and therefore cannot show any error in the Court's assessment of prejudice under *Strickland*.

The Court reaffirms that this IATC claim fails to satisfy either prong of *Strickland* under de novo review and does not warrant federal habeas relief. Mem. Op. & Order 46, ECF No. 87.

### 3. Failure to Fully and Adequately Investigate and Present Mitigation Evidence

Petitioner presses one last argument under claim two: that the Court manifestly erred in its rejection of the IATC claim that trial counsel failed to fully investigate mitigating evidence and present an adequate mitigation case for the punishment phase of trial. *See* Pet.'s Mot. 17-22, ECF No. 90. But here too, Petitioner simply rehashes his pre-judgment briefing in support of the Amended Petition for this exact IATC claim. *Compare id.*, *with* Amend. Pet. 59-86, ECF No. 58, *and* Pet.'s Reply 23-31, ECF No. 80. Petitioner's attempt to couch this mere "rehashing [of]

11

evidence, legal theories, [and] arguments . . . raised before entry of judgment" as a properly pled allegation of manifest error requiring alteration or amendment fails on this basis alone. *Templet*, 367 F.3d at 479. As a result of his attempted rehash, Petitioner therefore fails to make out any "plain and indisputable" error in the Court's *Strickland* assessment of this prior adjudicated IATC claim that amounted to a "complete disregard of the controlling law." *Guy*, 394 F.3d at 325 (cleaned up). Nevertheless, far from any error, this conclusory IATC claim satisfies neither prong of the *Strickland* test when examined under de novo review. *See* Mem. Op. & Order 40-43, ECF No. 87.

The Court reaffirms that this IATC claim satisfies neither prong of *Strickland* when examined de novo and thus does not warrant federal habeas relief. Mem. Op. & Order 40-43, ECF No. 87.

\*   \*   \*   \*

By virtue of Petitioner's failure to demonstrate any "error that undermined the correctness of the judgment," as well as his numerous attempts to rehash the same "evidence, legal theories, [and] arguments . . . raised before entry of judgment," the Court **DENIES** Petitioner's Motion insofar as it requests alteration or amendment of the Final Judgment denial of habeas corpus relief on claim two of the Amended Petition. *Jennings*, 11 F.4th at 345; *Templet*, 367 F.3d at 479.

### C. Petitioner Fails to Establish Manifest Error in the Denial of Claim Seven

Petitioner's seventh claim posited that the introduction of expert testimony on his genetic predisposition toward violence deprived him of his due process right to not be criminally sentenced based on impermissible factors. But upon de novo review, the Court did not find any merit to this collateral attack on Petitioner's conviction and sentence and denied it accordingly. *See* Mem. Op. & Order 22-25, ECF No. 87. The Court denied this due process claim on account of Petitioner's inability to demonstrate that his sentencing was the product of unreliable information or an immutable characteristic. *Id*. Petitioner now argues in his Motion to Alter or Amend Judgment that the Court manifestly erred in this determination. Yet Petitioner once again identifies *no* error—let alone a manifest one—in the decision to deny his seventh claim for federal habeas relief.

Petitioner asserts that the Court manifestly erred in distinguishing Supreme Court precedent proscribing criminal sentencing based on impermissible factors and thereby holding that this claim is barred by principles of non-retroactivity. *See* Pet.'s Mot. 22-24, ECF No. 90 (citing *Buck v. Davis*, 580 U.S. 100, 123-24 (2017); *Zant v. Stephens*, 462 U.S. 862, 885 (1983)).

Quite to the contrary, the Court properly analyzed this claim as a mere reformulation of Petitioner's post-hoc disagreement with his trial counsel's strategy. *See* Mem. Op. & Order 23, 25, ECF No. 87. Even so, the Court still found that Petitioner's sentencing had not been the product of any inaccurate or unreliable information anyway. *Id.* at 23-24. On this basis alone, the Court properly held that the Supreme Court precedent relied upon by Petitioner simply does not apply. *Id.* at 24 (citing *Renteria v. Davis*, 814 F. App'x 827, 833-34 (5th Cir. 2020)). So too, to the degree that Petitioner relied upon the Supreme Court's decisions in *Buck* and *Zant*, the Court also properly found such reliance to be misplaced. *Buck* involved an ineffective assistance claim regarding the actions of trial counsel, as opposed to a due process attack leveled against the fairness of the entire

13

proceedings at play here. *Id.* at 25. In any event, *Buck* and *Zant* are still inapplicable because Petitioner again failed to demonstrate that his sentence had been predicated upon his race. *Id.* For these reasons, the Court properly held that *Teague* non-retroactivity doctrine bars Petitioner's attempt to expand the holdings in *Buck* and *Zant* to the point of establishing a new rule of constitutional law that proscribes the presentation of genetic information as mitigation evidence. Mem. Op. & Order 25, ECF No. 87 (citing *Caspari v. Bohlen*, 510 U.S. 383, 389-390 (1994); *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

Having thus failed to present "an error that undermined the correctness of the judgment," while instead rehashing the same "evidence, legal theories, [and] arguments . . . raised before entry of judgment," the Court **DENIES** Petitioner's Motion insofar as it requests alteration or amendment of the Final Judgment denial of habeas corpus relief on claim seven of the Amended Petition. *Jennings*, 11 F.4th at 345; *Templet*, 367 F.3d at 479.

### D.  Petitioner Fails to Establish Manifest Error in the Denial of COA

Petitioner is not entitled to a COA on any issue advanced in the Amended Petition because the Court found each claim and request for relief meritless under a de novo standard of review. *See* Mem. Op. & Order 55-59, ECF No. 87. Moreover, based on the Court's de novo conclusions set forth in this Order, *supra*, Petitioner is likewise not entitled to a COA on any issue raised in the Motion to Alter or Amend Judgment. Because Petitioner's Rule 59(e) Motion amounts to little more than a mere attempt at "rehashing evidence, legal theories, [and] arguments that could have been offered or raised before entry of judgment," the Court further **DENIES** Petitioner's Motion insofar as it requests alteration or amendment of the Final Judgment denial of a COA on the Amended Petition and issuance of a COA on the instant Motion. *Templet*, 367 F.3d at 479.

\*     \*     \*     \*

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the Motion to Alter or Amend Judgment (ECF Nos. 89, 90) and all relief requested therein should be and is hereby **DENIED**; that a Certificate of Appealability should be and is hereby **DENIED** on all claims, arguments, and requests for relief contained in the Amended Petition for Writ of Habeas Corpus (ECF No. 58); and that a Certificate of Appealability should be and is hereby **DENIED** on all claims, arguments, and requests for relief contained in the Motion to Alter or Amend Judgment (ECF Nos. 89, 90).

**SO ORDERED** on this **5th day** of **January, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**